# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLENE RODRIGUEZ and CANFIELD QUARRIES, INC., | |
| Plaintiffs, | |
| v. | Case No. 3:08-CV-2068 |
| | (Judge Kosik) |
| ANADARKO E&P COMPANY, L.P., | |
| Defendant. | |
| | |
| MARLENE RODRIGUEZ and CANFIELD DEVELOPERS, L.L.C., | |
| | Consol. Case No. 3:08-CV-2069 |
| Plaintiffs, | (closed) |
| v. | |
| CHESAPEAKE APPALACHIA, L.L.C., | |
| Defendant. | |

## MEMORANDUM

This case involves challenges to natural gas leases entered into at the beginning of the Marcellus Shale boom in Northeastern Pennsylvania between Plaintiffs and Defendants. Presently before the court are Defendants' Motions to Dismiss, which are briefed and ripe for adjudication. Subject-matter jurisdiction is alleged pursuant to 28 U.S.C. § 1332(a). Because of the reasons that follow, we will grant in part and deny in part the Motions to Dismiss.

### BACKGROUND

At issue are two natural gas leases entered into by Plaintiffs with Anadarko E&P Company, L.P. ("Anadarko"), and Chesapeake Appalachia, L.L.C. ("Chesapeake"). Rodriguez entered into a lease with Chesapeake on March 9, 2007, for a 64.80 acre parcel located in Auburn Township, Susquehanna County, Pennsylvania. Olin I. Canfield, deceased, entered into

1

a lease with Anadarko on June 12, 2006, for a 107.94 acre parcel located in Tuscarora Township, Bradford County, Pennsylvania.

As a bonus for signing the lease, both Chesapeake and Anadarko told Rodriguez and Canfield, respectively, that they would pay five dollars an acre for signing the lease. Unidentified agents of each allegedly stated that they would never pay more than five dollars an acre. At the time the Anadarko lease was negotiated and signed, Canfield was ill and infirmed; he died shortly after executing the lease. Since that time, Plaintiffs allege to have learned that the statements made by the agents of Chesapeake and Anadarko were false, and that each company did pay neighbors more than five dollars an acre.

In addition, agents of Anadarko and Chesapeake told Canfield and Rodriguez that the leases conformed to Pennsylvania law. Plaintiffs allege that the leases do not conform to Pennsylvania law.

In the first case, No. 3:08-cv-2068, Plaintiffs Marlene Rodriguez, as executrix of the Estate of Olin I. Canfield, Jr., deceased, and Canfield Quarries, Inc., allege claims of fraudulent inducement (Count I), misrepresentation (Count II), undue influence (Count III), and declaratory judgment regarding the legality of the lease (Count IV), against Defendant Anadarko E&P Company, L.P. (Doc. 1.) These same claims were alleged in an Amended Complaint filed to correct a subject matter pleading defect. (Doc. 34.)

In the second, consolidated, case, originally No. 08-cv-2069, Plaintiffs Marlene Rodriguez, as executrix of the Estate of Olin I. Canfield, Jr., deceased, and Canfield Developers, L.L.C., allege claims of fraudulent inducement (Count I), misrepresentation (Count II), tortious interference with contractual relationship (Count III), and declaratory judgment regarding the legality of the lease (Count IV), against Defendant Chesapeake Appalachia, L.L.C. (No. 08-cv-

2069, Doc. 1.) These same claims were alleged in an Amended Complaint filed to correct a subject matter pleading defect. (Doc. 35.)

Both Anadarko and Chesapeake filed Motions to Dismiss the Complaints, (Docs. 9, 13.), which were renewed for the Amended Complaints (Docs. 37 & 38). Supplemental briefs have been filed, and the Motions are now ripe for adjudication.

### STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without

3

factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, --- U.S. ---, ---, 129 S. Ct. 1937, 1949–50 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. The complaint that shows that the pleader is entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion. See Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

We will now evaluate the legal sufficiency of the Amended Complaints against Chesapeake and Anadarko.

### A. Declaratory Judgment: Validity of Royalty Provision in Leases

Plaintiffs argue that the leases violate Pennsylvania's Guaranteed Minimum Royalty Act ("GMRA"), 58 Pa. Stat. Ann. § 33,[1] because the lease calculates the royalty owed using the net-back method of calculation,[2] rather than calculating it exclusive of post-production costs. The

---

[1] The GMRA requires that leases guarantee the landowner-lessor "at least one-eighth royalty of all oil, natural gas or gas of other designations removed or recovered from the subject real property." 58 Pa. Cons. Stat. Ann. § 33.

[2] The net-back method of calculation is defined in the Code of Federal Regulations:
   Net-back method (or work-back method) means a method for calculating market value of gas at the lease. Under this method, costs of transportation, processing, or manufacturing are

4

Supreme Court of Pennsylvania recently addressed this issue in <u>Kilmer v. Elexco Land Services, Inc.</u>, 990 A.2d 1147 (Pa. 2010), upholding the royalty calculation provision in the <u>Kilmer</u> lease; materially identical to the royalty provisions in the instant leases.

It appears that the unanimous decision of the Supreme Court in <u>Kilmer</u> is dispositive of Plaintiffs' claims for declaratory judgments, however Plaintiffs continue to argue that the lease provisions in the instant leases differ from those at issue in <u>Kilmer</u>. We reject this argument, noting that the royalty provisions in <u>Kilmer</u> and in these leases both use the net-back method of calculation, which is valid under 58 Pa. Stat. Ann. § 33. Therefore, we will grant Defendants Renewed Motions to Dismiss as to Counts IV of both Amended Complaints.

### B. Remaining Claims of Fraudulent Inducement, Misrepresentation, Undue Influence, and Tortious Interference with Contractual Relationship

Plaintiffs allege a variety of common law claims against Defendants in an effort to invalid the lease agreements. All of the allegations in this context refer to actions and statements made in the process of contract negotiations and prior to the signing of the lease agreements. Generally, the parol evidence rule prevents the introduction of such extrinsic evidence to evaluate a written agreement. See <u>Kropa v. Cabot Oil & Gas Corp.</u>, 716 F. Supp. 2d 375, 378–79 (M.D. Pa. 2010). However, when a party alleges a deficiency in the formation of a contract— one that would void the existence of an alleged contract—the parol evidence rule is suspended. See <u>id.</u> Both Judge Munley and Judge Caputo of this district have denied the dismissal of such claims based on the above-stated rule. See <u>id.</u>, <u>Carey v. New Penn Exploration, LLC</u>, No. 09-cv-

---

deducted from the proceeds received for the gas, residue gas or gas plant products, and any extracted, processed, or manufactured products, or from the value of the gas, residue gas or gas plant products, and any extracted, processed, or manufactured products, at the first point at which reasonable values for any such products may be determined by a sale pursuant to an arm's-length contract or comparison to other sales of such products, to ascertain value at the lease.

30 C.F.R. § 206.151.

5

188, 2010 WL 1754440 (M.D. Pa. Apr. 28, 2010). Because the parol evidence rule does not, at this juncture, dispose as a matter of law of these claims, we must consider the sufficiency of the factual allegations pled in light of the governing law.

Fraud and claims grounded in fraud must be pled with specificity and particularity. See Fed. R. Civ. Pro. 9(b) and Pa. R. Civ. Pro. 1019(b). An examination of the Amended Complaints shows that the factual allegations often lack specificity and particularity.

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). We will afford Plaintiffs fourteen (14) days to amend their remaining claims with specificity and particularity. We will not grant Plaintiffs leave to amend Count IV, however, as amendment would be futile in light of Kilmer v. Elexco Land Services, Inc., 990 A.2d 1147 (Pa. 2010). An appropriate order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARLENE RODRIGUEZ and CANFIELD
QUARRIES, INC.,

          Plaintiffs,

v.

ANADARKO E&P COMPANY, L.P.,

          Defendant.

Case No. 3:08-CV-2068
(Judge Kosik)

MARLENE RODRIGUEZ and CANFIELD
DEVELOPERS, L.L.C.,

          Plaintiffs,

v.

CHESAPEAKE APPALACHIA, L.L.C.,

          Defendant.

Consol. Case No. 3:08-CV-2069
(closed)

## ORDER

AND NOW, this __1st__ day of December, 2010, IT IS HEREBY ORDERED THAT:

1. Defendants Motions to Dismiss regarding Counts IV of the Amended Complaints (Docs. 34 & 35) are GRANTED;

2. Count IV is DISMISSED; and

3. Plaintiffs are allowed FOURTEEN (14) DAYS from the date of this Order in which to file a second amended complaint as to the remaining counts.

_____
Edwin M. Kosik
United States District Judge

7